UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLENA ANN GILLUM,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,[1]<br><br>　　　　Defendant. | **1:16-cv-1186 GSA**<br><br>**ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT NANCY BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY AGAINST PLAINTIFF MARLENA ANN GILLUM** |

I. <u>**INTRODUCTION**</u>

Plaintiff Marlena Ann Gillum ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Nancy A. Berryhill shall be substituted in for Carolyn W. Colvin, as Nancy A. Berryhill in now the acting Commissioner of Social Security.

1

Titles II and XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs which were submitted without oral argument to the Honorable Gary S. Austin, United States Magistrate Judge.[2] (*See,* Docs. 15, 18, and 19). Upon a review of the entire record, the Court finds that the ALJ applied the proper standards and the decision is supported by substantial evidence. Accordingly, the Court affirms the agency's determination to deny benefits and denies Plaintiff's appeal.

## II. **FACTS AND PRIOR PROCEEDINGS**[3]

### A. Background

On January 9, 2013, Plaintiff initially filed applications for DIB and SSI claiming disability beginning November 21, 2011.[4] AR 75; 258-259; 263-282. The parties agree that the Plaintiff properly exhausted her administrative remedies and that the Appeals Council denied Plaintiff's appeal. (Doc.15, pg. 2 and Doc. 18, pg. 2). Therefore, this appeal is a review of Administrative Law Judge Christine Hilleren's ("ALJ") decision issued on February 19, 2015, which is considered the Commissioner's final order. *See*, 42 U.S.C. §§ 405(g), 1383(c)(3).[5] AR 28-39. Plaintiff is challenging the ALJ's failure to resolve a conflict between the vocational expert's testimony and the Dictionary of Occupational Titles ("DOT").

### B. The Disability Standard

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or

---

[2] The parties consented to the jurisdiction of the United States Magistrate Judge. (*See* Docs. 9 and 10).

[3] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

[4] Plaintiff filed a subsequent application for SSI benefits on June 12, 2013, after her initial applications were denied. AR 273-274.

[5] Plaintiff also previously filed an application for SSI on March 14, 2003, which was denied by ALJ Belcher on August 26, 2004. In the most recent decision, ALJ Hilleren found that the presumption of non-disability did not apply because Plaintiff's condition had worsened since that time. AR 75.

mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> . . . his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. §§ 404.1527, 404.1529, 416.927, 416.929.

Specifically, the ALJ is required to determine: (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically-determinable "severe" impairments, (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, (4) whether the claimant retained the residual functional capacity ("RFC") to perform his past relevant work, and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f).

///

**C. Summary of the ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 75-85. More particularly, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2016, and had not engaged in substantial gainful activity since November 21, 2011, the alleged date of onset. AR 77. Further, the ALJ identified obesity, ruptured left hand tendon, depressive disorder, and hepatitis C with secondary dizziness as severe impairments. AR 77. However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listing impairments in 20 C.F.R. Part 404 P, Appendix 1. AR 78.

The ALJ also determined that Plaintiff had the residual functional capacity ("RFC") to perform less than a full range of light work as follows:

> The claimant can lift and carry twenty pounds occasionally and ten pounds frequently; stand and/or walk for six hours in an eight-hour workday; and sit for six hours in an eight-hour workday. However, she could only occasionally balance or climb ladders, ropes, or scaffolds, and must avoid hazards such as unprotected heights or moving machinery. The claimant could occasionally handle and finger with the left upper extremity, and would be limited to understanding, remembering, and carrying out simple one or two-step instructions to perform simple, routine, tasks, with no more than occasional changes in the work setting.
> AR 80.

At step four, the ALJ relied on the VE's testimony and found that Plaintiff was not able to perform her past work as telemarketer, telephone clerk supervisor, and fast food worker. AR 83. However, at step five, she found that Plaintiff was capable of performing work an usher (DOT 344.677-014), an information clerk (DOT 237.367-018), and a courier (DOT 239.567-010). AR 28. Accordingly, the ALJ found that Plaintiff was not disabled. AR 85.

**D. The Issue Presented**

Plaintiff challenges the ALJ's decision arguing that the RFC precludes her ability to

4

perform jobs the ALJ identified because the VE erroneously testified that the recommended jobs were consistent with the DOT. Specifically, Plaintiff argues that the DOT requires a reasoning level two or higher, which conflicts with the ALJ's RFC limiting her to understanding, remembering, and carrying out simple one or two-step instructions. Plaintiff contends that the ALJ did not properly address this conflict and therefore, the judge incorrectly concluded that Plaintiff could work as an usher, an office helper, and a courier. (Doc. 15, pg. 5-7, Doc. 19, pgs. 3-9).

Defendant argues that the Plaintiff waived this argument because she was represented by an attorney at the hearing who explicitly declined the opportunity to pose any questions to the VE. AR 63. Alternatively, the Commissioner contends that any error would be harmless because in the past, Plaintiff had performed jobs that required higher reasoning skills such as a telephone solicitor (reasoning level of 3) and a telephone clerk supervisor (reasoning level 4). Moreover, the consultative examiner (Dr. Michiel), whose opinion the ALJ credited, opined Plaintiff showed no cognitive impairments, had intact judgment, had an average fund of knowledge, and that her memory was intact. AR 77-79; 444-445. (Doc. 18, pgs. 5-11). Finally, the Commissioner asserts that Plaintiff has not cited to any evidence, nor has she explained how her cognitive abilities preclude her from performing the tasks involved in being an usher or an office helper, which facially do not involve more than one or two step instructions. Thus, there is substantial evidence to support the conclusion that Plaintiff can perform these jobs.

### III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether (1) it is supported by substantial evidence, and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

5

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

## IV. DISCUSSION

### A. Waiver of Argument

Defendant first contends that Plaintiff waived her argument because she had an attorney at the hearing, yet her attorney failed to direct any questions to the VE about this issue, or any other issue. AR 63. Defendant cites to *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999) in which the Ninth Circuit held that, "at least when claimants are represented by counsel, they must raise all issues and evidence at the administrative hearings in order to preserve them on appeal." (Doc. 18, pgs. 5-6). In opposition, Plaintiff contends that after the ruling in *Meanel*, the Supreme Court held that issue exhaustion, in addition to exhaustion of administrative remedies, is not required in Social Security cases. *Sims v. Apfel*, 120 S. Ct. 2080, 2086 (2000). Specifically, the Court stated, "[c]laimants who exhaust administrative remedies need not also exhaust in a request for review by the Appeals Council in order to preserve judicial review of those issues" *Sims v. Apfel*, 120 S. Ct. at 2086. Thus, Plaintiff argues that *Sims* applies equally to administrative hearings before the ALJ and therefore, the argument was not waived by the attorney's failure to raise it at the hearing. (Doc. 19, pgs. 3-4).

After the briefing was completed in this case, the Ninth Circuit published *Shaibi v. Berryhill*, 870 F. 3d 874, 882 (9th Cir. 2017), and clarified that *Sims* is not inconsistent with its holding in *Meanel*.[6] In *Shaibi*, the Ninth Circuit addressed whether a Plaintiff waived the issue of

---

[6] Neither party supplied supplemental briefing on *Shaibi* or advised the Court that the Ninth Circuit had issued this

challenging a VE's testimony at an administrative hearing regarding the number of available jobs. *Shaibi*, 870 F. 3d at 881. The Court noted that the holding in *Sims* was limited because it only addressed whether a claimant must present all relevant issues to the Appeals Council in order to preserve them for judicial review. *Shaibi*, 870 F. 3d at 882 (citing *Sims*, 120 S. Ct. 2080). The Court found that, "[i]n light of the Court's express limitation on its holding in *Sims*, we cannot say that the holding is 'clearly irreconcilable' with our decision in *Meanel*, and *Meanel* therefore remains binding on this court with respect to proceedings before an ALJ." *Id*. Notwithstanding this statement, the Court appeared to reiterate the long standing principle that an ALJ is required to resolve an apparent conflict between the VE's testimony and the DOT regardless of whether a claimant raises the conflict before the agency; but that there was no such authority for the premise that the ALJ had to do so when examining the number of jobs available. *Shaibi*, 870 F. 3d at 882. Therefore, it appears that for purposes of raising conflicts between the VE's testimony and the DOT regarding the functional requirements of job duties (as opposed to only challenging the number of jobs), the issue is not waived even if it is not raised before the ALJ. As such, Plaintiff may present this issue for the first time in this appeal.

**1. Step Five**

*A. Legal Standard*

If a Plaintiff establishes that he or she is unable to perform his past work at step four, the burden shifts to the Commissioner at step five "to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his or her] identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995); see also 20 C.F.R. §§ 404.1560(g), 416.920(g). At this stage, the ALJ first assesses a claimant's "residual functional capacity," which is defined as the most that a claimant can do despite "physical and mental

decision.

limitations" caused by his or her impairments and related symptoms. 20 C.F.R. §§ 404.1545, 416.945(a)(1). The ALJ then considers potential occupations that the claimant may be able to perform. *See,* 20 C.F.R. §§ 404.1566, 416.966.

At step five, the ALJ may rely on the DOT and testimony from a VE to assess a claimant's ability to perform certain jobs in light of his residual functional capacity. 20 C.F.R. §§ 404.1566(e); 416.966(e), 404.1569; 416.969, 404.1566(d); 416.966(d)(1); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). As part of this process, occupational information provided by a VE should generally be consistent with the DOT. SSR 00-04, 2000 WL 1898704, at *2 (Dec. 4, 2000). Furthermore, the ALJ must resolve any apparent conflict between the VE's testimony and the DOT before relying on the VE's testimony in support of a disability determination. *Id*; *Zavalin v. Colvin*, 778 F. 3d 842, 846 (9th Cir. 2015); *Massachi v. Astrue*, 486 F. 3d 1149, 1153-1154 (9th Cir. 2007). When there is an apparent unresolved conflict between the VE and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE to support a determination or decision about whether the claimant is disabled. *Massachi*, 486 F. 3d at 1153. Neither the DOT nor the VE testimony automatically "trumps" when there is a conflict. *Id*. The adjudicator must resolve the conflict by determining if the explanation given by the VE is reasonable and provides a basis for relying on the VE testimony rather than on the DOT information. *Id*.

However, not all potential conflicts between a vocational expert's job suitability recommendation and the DOT will be apparent or obvious. *Gutierrez v. Colvin*, 844 F. 3d 804, 808 (9th Cir. 2016). In order for a difference between a VE's testimony and the DOT's listings to be fairly characterized as a conflict, it must be obvious or apparent. *Id*; *Lamear v. Berryhill*, 865 F. 3d 1201 (9th Cir. 2017). This means that the testimony must be at odds with the DOT's listing of job requirements that are essential, integral, or expected. *Id*. Where the job itself is a familiar

one, less scrutiny by the ALJ is required. *Id*. Thus, an ALJ must ask follow up questions of a vocational expert only when the expert's testimony is either obviously or apparently contrary to the DOT. However, the obligation doesn't extend to unlikely situations or circumstances. *Id*. Thus, the requirement for an ALJ to ask follow up questions to determine if an actual conflict exists, is fact-dependent.

### B. The Jobs at Issue

As a preliminary issue, the Court is not persuaded by Defendant's arguments that Plaintiff could perform reasoning level two jobs because she previously worked as a telephone solicitor and a telephone clerk supervisor, both which require higher cognitive abilities. As Plaintiff correctly notes, she performed this work prior to her most recent symptoms which contribute to her cognitive difficulties; therefore, comparing her past work to her current level of functioning is not appropriate. Similarly, the Court is not persuaded by the Commissioner's contention that Plaintiff could perform the jobs the ALJ identified because the consultative examiner opined that she possessed sufficient cognitive abilities to complete the required tasks for these jobs. This is not persuasive because the ALJ considered the consultative examiner's opinion and formulated an RFC that represented all that Plaintiff could do based on the evidence in the medical record. Any other suggested interpretation of the consultant's opinion is *post-hoc* reasoning that this Court is unable to consider. A reviewing court cannot affirm an ALJ's decision denying benefits on a ground not invoked by the Commissioner. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citing *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001)); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (We are constrained to review the reasons the ALJ asserts).

Notwithstanding the above, the Court finds that the ALJ's decision is supported by substantial evidence. As a basis to argue to the contrary, Plaintiff cites to *Rounds v. Commissioner of Soc. Sec.*, 807 F. 3d 996, 1003 (9th Cir. 2015), in which the Ninth Circuit held

that an apparent conflict exists when an RFC limits an individual to "one or two step tasks" and identified jobs that require the demands of level two reasoning. In *Rounds*, the Court specifically noted that the error was not harmless because, "the ALJ did not restrict Rounds to "simple" or "repetitive tasks." Instead, he expressly limited her to "one or two step tasks." *Rounds*, 807 F. 3d at 1004. In the instant case, the ALJ limited Plaintiff to "understanding, remembering, and carrying out simple one or two-step instructions *to perform simple, routine, tasks*," which is a different limitation than the RFC referenced in *Rounds*. AR 80. As such, it is necessary to examine the duties of each of the jobs at issue to determine whether there is in fact an apparent conflict that the ALJ was required to address.

The job description for an usher is as follows:

Assists patrons at entertainment events to find seats, search for lost articles, and locate facilities, such as restrooms and telephones. Distributes programs to patrons. Assists other workers to change advertising display.
DOT 344.677-014, 1991 WL 672865

The job description of information clerk is as follows:

Provides travel information for bus or train patrons: Answers inquiries regarding departures, arrivals, stops, and destinations of scheduled buses or trains. Describes routes, services, and accommodations available. Furnishes patrons with timetables and travel literature. Computes and quotes rates for interline trips, group tours, and special discounts for children and military personnel, using rate tables.
DOT 237.367-018, 1991 WL 672187.

The job description for courier (office helper) is as follows[7]:

Performs any combination of following duties in business office of commercial or industrial establishment: Furnishes workers with clerical supplies. Opens, sorts, and distributes incoming mail, and collects, seals, and stamps outgoing mail. Delivers oral or written messages. Collects and distributes paperwork, such as records or timecards, from one department to another. Marks, tabulates, and files articles and records. May use office equipment, such as envelope-sealing machine, letter opener, record shaver, stamping machine, and transcribing machine. May deliver items to other business establishments May specialize in delivering mail, messages, documents, and packages between departments of establishment and be designated Messenger, Office (clerical). May deliver stock certificates and bonds within and between stock brokerage offices and be designated

---

[7] The ALJ and VE referenced DOT 239.567-010 as a courier but the DOT identifies this number as an office helper.

Runner (financial).
DOT 239.567-010, 1991 WL 672232

A review of the essential job duties for an information clerk require that Plaintiff answer inquiries about bus and train schedules, compute quotes for various trips and groups, and describe routes. DOT 237.367-018, 1991 WL 672187. These are not simple routine tasks. Therefore, there was an apparent conflict between the DOT and the VE's testimony for this job that the ALJ should have resolved. However, this error is harmless because the integral aspects of the other jobs the ALJ identified indicate that Plaintiff could perform them given her RFC. *Carmickle v. Comm'r of Social Security*, 533 F.3d at 1162 (An ALJ's error is harmless where it is "inconsequential to the ultimate nondisability determination); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (same); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir.2006) (same); *Stout v. Comm'r of Social Security*, 454 F.3d 1050, 1055 (9th Cir. 2006) (same). For example, an usher's essential duties entail directing patrons to their seats, helping patrons locate restrooms and telephones, distributing programs, and changing advertising displays. DOT 344.677-014, 1991 WL 672865. In addition, an office helper performs a range of duties such as furnishing workers with clerical supplies, collecting and distributing paperwork from one department or another, and delivering oral and written messages.[8] DOT 239.567-010, 1991 WL 672232. It is not apparent that Plaintiff would be unable to perform these duties given that she is able to complete simple, routine tasks. Accordingly, there was no apparent conflict between the VE testimony and the DOT. Therefore, the ALJ's reliance on the VE's testimony with regard to the usher and office helper/courier position was proper and required no further inquiry.

///

---

[8] It is noted that some of the duties listed in the DOT for an officer helper require more than simple routine tasks. However, the description also indicates that an office helper would perform *any* combination of a series of duties, suggesting that not all of the duties are essential or integral to successfully performing this job. A courier is one aspect of the office helper position that Plaintiff could perform given her RFC.

## V. CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence and is based on proper legal standards. Accordingly, this Court DENIES Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is DIRECTED to enter judgment in favor Nancy A. Berryhill, Commissioner of Social Security and against Plaintiff Marlena Ann Gillum, and close this action.

IT IS SO ORDERED.

Dated: **November 9, 2017**　　　　　　　　　　／s／ **Gary S. Austin**
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE